N. Nielsen v. Commissioner. Louise Nielsen v. Commissioner.
Nielsen v. Commissioner
Docket Nos. 4341, 4342.
United States Tax Court
1944 Tax Ct. Memo LEXIS 1; 3 T.C.M. (CCH) 1333; T.C.M. (RIA) 45207; December 30, 1944
*1 Conrad T. Hubner, Esq., 700 Mills Bldg., San Francisco, Calif., for the petitioners. Arthur L. Murray, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $605.55 in the income tax of each of the petitioners for the year 1941. The single issue is whether the gain realized from the disposition of the interest of the petitioner, N. Nielsen, in the partnership doing business as Vulcan Machine Company, constituted ordinary income or capital gain. Findings of Fact The facts were stipulated and as so stipulated are adopted as findings of fact. The material portions thereof are as follows: The petitioners are husband and wife and reside in Santa Cruz, California. They filed their income tax returns for the year 1941 with the collector of internal revenue for the first district of California. Hereinafter N. Nielsen will be referred to as the petitioner. For more than one year prior to May 1, 1941, the petitioner was engaged in business with R. C. Hoyt as a co-partnership doing business under the name and style of Vulcan Machine & Mfg. Company at Oakland, California. On April 8, 1941, the petitioner entered into an *2 agreement with R. C. Hoyt reciting that they desired to terminate the co-partnership being conducted under the firm name of Vulcan Machine & Mfg. Company and providing that upon dissolution the cash in bank and outstanding accounts should be divided in the proportion of 133/196 to the petitioner and 63/196 to Hoyt and that the liabilities should be adjusted and settled in the same ratio. Hoyt then agreed to pay the petitioner $28,000, plus an amount equal to 133/196 of the inventory of finished products, work in process, and shop supplies, to be paid upon terms therein set forth. There were reserved certain articles of personal property belonging to the petitioner and a Rock-a-car jack owned by the petitioner and Hoyt individually. The petitioner agreed to convey to Hoyt the real property of the partnership. On April 22, 1941, Hoyt, as vendee, executed a "Notice of Intention to Sell Stock in Trade in Bulk and Fixtures and Store Equipment." Such notice was duly published. The notice states that the petitioner would sell to Hoyt "all of his right, title and interest in and to all of the stock and merchandise and all of the material and equipment, furniture and fixtures, now owned by *3 said partnership" and constituting all its assets. The equipment was more particularly described as follows: "All furniture and fixtures, machinery, tools and equipment, real estate and improvements, inventories, and any and all personal property belonging to said Vulcan Machine Company, a copartnership, including the trade name and good will, in total constituting all of the assets of said Vulcan Machine Company." On May 1, 1941, the petitioner and Hoyt executed an agreement of dissolution of the "copartnership heretofore existing between them" and on the same day they executed a deed conveying to Hoyt and his wife the real estate of the Vulcan Machine & Mfg. Company. Also, on the same day the petitioner executed a bill of sale to Hoyt granting and selling "all of the machinery, tools and equipment and all other personal property located on the premises at 4321 San Leandro Street, Oakland, Alameda County, California" except the Rock-a-car jack. The Commissioner determined that the gain on the sale of the petitioner's interest in the assets of the partnership was taxable as ordinary income, since such assets were used in a trade or business and were subject to depreciation. Opinion
*4 VAN FOSSAN, Judge: The issue before us is whether the sale or disposition of the petitioners' property rights in the partnership, Vulcan Machine Company, resulted in a capital gain or ordinary income. The respondent contends that petitioners must fail for want of proof in that the record discloses no period during which either the partnership existed or the partnership assets were held and that therefore the statute under which the petitioners claim the decreased tax (section 117 (a) and (b) I.R.C.) [1] can not control the amount of tax. The respondent's point is well made. The burden of proof is on the petitioners. They have presented no evidence showing the length of the holding period. Therefore, the capital gains and losses section can not be invoked even if we were to decide the petitioners sold a capital asset. *5 The petitions allege that the date of the acquisition of the partnership assets was August 31, 1939. The answers deny that allegation. This denial placed on the petitioners the burden of proving the fact as pleaded. The only fact relating to the holding period is the following excerpt from the stipulation: "For more than one year prior to May 1, 1941, petitioner was engaged in business with R. C. Hoyt as a co-partnership doing business under the name and style of Vulcan Machine and Mfg. Co." (In passing, it may be noted that there is a fatal confusion in the record in the unexplained use of the names of the firm, sometimes referred to as "Vulcan Machine Company" and elsewhere as Vulcan Machine & Mfg. Co.). The above quoted statement is insufficient to establish compliance with the basic requirements of the statute under which petitioners seek to overcome respondent's determinations. We have no alternative but to approve the respondent's action. In view of this situation, it is unnecessary to discuss the primary issue presented. Decisions will be entered for the respondent. Footnotes
1. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. - As used in this chapter - (1) Capital, Assets. - The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1): * * * * *
(b) Percentage Taken Into Account. - In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income: 100 per centum if the capital asset has been held for not more than 18 months; 66 2/3 per centum if the capital asset has been held for more than 18 months but not for more than 24 months; 50 per centum if the capital asset has been held for more than 24 months.↩